IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs July 12, 2006

## TORRENCE LADOVIA REED v. STATE OF TENNESSEE

**Direct Appeal from the Circuit Court for Giles County**
**No. 11007     Stella Hargrove, Judge**

_____

**No. M2005-01799-CCA-R3-PC - Filed January 17, 2007**

_____

The petitioner, Torrence Ladovia Reed, pled guilty in the Circuit Court for Giles County to four counts of sale of cocaine (Class B felony), two counts of delivery of cocaine (Class B felony), one count of conspiracy to deliver cocaine (Class C felony), six counts of conspiracy to sell cocaine (Class C felony), and one count of sale of marijuana (Class E felony). He received a total effective sentence of twenty-eight years. He filed a petition for post-conviction relief and alleged that his pleas were involuntary because his counsel was ineffective in failing to properly explain to him the difference between consecutive and concurrent sentences. After careful review, we find no grounds for which to grant relief, and we affirm the judgment of the post-conviction court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgments of the Circuit Court Affirmed**

JOHN EVERETT WILLIAMS, J., delivered the opinion of the court, in which JERRY L. SMITH and JAMES CURWOOD WITT, JR., JJ., joined.

Lindsay C. Barrett, Dickson, Tennessee, for the appellant, Torrence Ladovia Reed.

Paul G. Summers, Attorney General and Reporter; Brent C. Cherry, Assistant Attorney General; T. Michel Bottoms, District Attorney General; and Patrick S. Butler, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

Facts and Procedural History

At the post-conviction hearing, the petitioner's counsel testified that he met with the petitioner on numerous occasions prior to the entry of the guilty pleas. He said that, during their

meetings, they discussed the pending charges, sentencing ranges including the potential for concurrent and consecutive sentences, the strengths and weaknesses of the State's case, the tape recordings from the drug transactions, the willingness of the informant to testify, the options that the judge would have with regard to a sentencing hearing if the petitioner were found guilty, and the position of a jury with regard to a drug crime in light of the State's evidence. He specifically recalled that he and the petitioner discussed the case of William Lewis Houston,[1] the petitioner's stepfather, who received an effective sentence of seventy-two years for his involvement in eight drug offenses and one count of aggravated assault. Counsel said he told the petitioner that, based on statute, a sentence for an offense committed while a defendant is on bond for other offenses will usually run consecutively. He said that, had all of the petitioner's sentences run consecutively, he would have been facing ninety to one hundred years of time.

Counsel testified that the State's initial plea offer was between forty and fifty years. He said that, on the day of trial, they negotiated the plea to twenty-eight years and that this sentence was the best deal that he could get at the time.

On cross-examination, counsel testified that he discussed the case with the petitioner on numerous occasions and that he received the State's entire file as discovery. He said that he had extensive criminal defense experience and that he was one of the first five attorneys in Tennessee to be certified by the National Board of Trial Advocacy in the area of criminal defense. He testified

---

[1] State v. William Lewis Houston, No. M1999-01430-CCA-R3-CD, 2000 Tenn. Crim. App. LEXIS 936 (Tenn. Ct. Crim. App. Dec. 7, 2000).

that he practices criminal defense in both the federal and state courts. He said that the ultimate decision whether to plead guilty or proceed to trial lies with his client.

The petitioner testified that he did not understand the nature of consecutive sentencing versus concurrent sentencing. He said that his counsel advised that for a payment of $10,000 to $20,000, he could get the petitioner a twelve-year sentence. Otherwise, he would have to serve forty-five years. He said that counsel continually asked him for money. He said that counsel played the audiotapes of the drug transactions for him and that the petitioner acknowledged that he was guilty of the underlying offenses. He claimed that they never discussed the difference between consecutive and concurrent sentences. The petitioner said that counsel did mention a number for a maximum sentence and told him that he would get the maximum sentence if he went to trial.

On cross-examination, the petitioner testified that counsel told him he could receive a sentence of seventy-two years similar to the sentence his stepfather received. He said that he voluntarily and knowingly entered the plea because he wanted to get out of the county jail. He said that the plea offers started at forty-five years and counsel negotiated the plea to twenty-eight years. He testified that a police officer told him that he could have gotten the twenty-eight-year offer without counsel. Finally, he stated, "All I'm asking the Court system, I honestly feel as if I got too much time by me - - by this being my first time to get convicted of any kind of felony."

The petitioner rested his proof, and the State presented no evidence. Both sides made argument, and the post-conviction court took the matter under advisement. The post-conviction

-3-

court denied all claims for relief and determined that the petitioner received effective assistance of counsel by written order entered May 25, 2004, based on four points: (1) The petitioner was informed and understood his constitutional rights when he entered his plea of guilty; (2) The petitioner understood the impact of the total effective sentence and understood that the sentence was based upon multiple counts running concurrently with one another, as well as consecutively to other counts; (3) The decision to enter a guilty plea was made after the petitioner discussed all of his options and rights with his counsel; and (4) The petitioner knowingly, voluntarily, and intelligently chose to waive a jury trial and plead guilty under the agreed terms. The post-conviction court determined that the petitioner received effective assistance of counsel. After a careful review of the record, we affirm the judgment of the trial court and conclude that the petitioner is not entitled to any post-conviction relief based on the allegations raised in his petition.

<u>Analysis</u>

On appeal, the petitioner argues that he was not given effective assistance of counsel prior to entering his pleas of guilty to the underlying charges. He avers that counsel did not effectively explain to him the concept of consecutive sentencing and that, but for this failure of explanation, he would not have pled guilty and would have proceeded to trial. The petitioner has, in effect, merged complaints of ineffective assistance of counsel and of an involuntary guilty plea into a single argument.

First, the petitioner argues that counsel did not explain the difference between concurrent and consecutive sentences and alleges that this lack of explanation constituted ineffective assistance of counsel. When a claim of ineffective assistance of counsel is made under the Sixth Amendment, the burden is upon the complaining party to show that (1)counsel's performance was deficient, and (2) the deficiency was prejudicial in terms of rendering a reasonable probability that the result of the trial was unreliable or the proceedings were fundamentally unfair. Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064 (1984). This standard has also been applied to the right to counsel under Article I, Section 9 of the Tennessee Constitution. State v. Melson, 772 S.W.2d. 417, 419 n.2 (Tenn. 1989). When a petitioner claims ineffective assistance of counsel in relation to a guilty plea, the petitioner must prove that counsel performed deficiently, and, but for counsel's errors, the petitioner would not have pled guilty but, instead, would have insisted upon going to trial. Hill v. Lockhart, 474 U.S. 52, 59, 106 S.Ct. 366, 370 (1985).

In Baxter v. Rose, 523 S.W.2d 930, 936 (Tenn. 1975), our supreme court required that the services rendered be within the range of competence demanded of attorneys in criminal cases. In reviewing counsel's conduct, a "fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." Strickland, 466 U.S. at 689, 104 S. Ct. at 2065; see Nichols v. State, 90 S.W.3d 576, 587 (Tenn.2002).

The petitioner bears the burden of proving by clear and convincing evidence the factual allegations that would entitle the petitioner to relief. T.C.A. § 40-30-110(f). The court is bound by

the post-conviction court's findings of fact unless the evidence preponderates against those findings. Fields v. State, 40 S.W.3d 450, 456-57 (Tenn.2001).

The petitioner's contention that he was not informed of the differences between consecutive and concurrent sentencing is contrary to his own testimony at the post-conviction hearing and at his guilty plea. During the post-conviction hearing, the petitioner testified that he recalled discussing with counsel the consecutive sentences his stepfather received after his convictions. He recalled that counsel had worked on his stepfather's case at some point; in fact, counsel was involved in the case at the appellate level and was successful before a panel of this court in reducing the sentence of the petitioner's stepfather. See State v. William Lewis Houston, No. M1999-01430-CCA-R3-CD, 2000 Tenn. Crim. App. LEXIS 936, *2 (Tenn. Ct. Crim. App. Dec. 7, 2000). Further, at the hearing for the entry of the petitioner's guilty plea, he acknowledged to the court that he had sufficient time to discuss his case with counsel and that no additional time for clarification was needed. He told the court that he was satisfied with counsel's representation. He had no questions for the court about the total effective sentence or about the type of sentence he would serve. He told the court that he understood that if he were to proceed to trial and be found guilty, his convictions could run consecutively. The petitioner understood that he was accepting a twenty-eight-year sentence in exchange for his plea of guilty.

The record preponderates against the claims that the petitioner received ineffective assistance of counsel. The petitioner has not carried his burden of proving that counsel performed deficiently or that he would have changed his plea had he been informed differently. The petitioner was facing

exposure of more than ninety years if he had been convicted of each charge. He made a tactical decision to accept the twenty-eight-year plea because it was in his best interest at the time the plea was entered. We conclude that the petitioner has failed to show that counsel's representation was in any way deficient. It is obvious from the record that counsel discussed the case at length with the petitioner and thoroughly explained the consequences of going to trial. Counsel successfully negotiated an agreement with the State far more beneficial to the petitioner than the initial offer and far less than his exposure at trial. We affirm the judgment of the post-conviction court.

Next, the petitioner argues that his plea was not voluntary and that, but for counsel's deficiencies, he would not have pled guilty. As previously stated, we conclude that counsel's representation was not deficient. The petitioner has failed to show that he was uninformed in any significant way. The State argues and we agree, based on our review of the record, that the true basis of the petitioner's complaint is that he is now facing more time in prison that he wishes to serve. The petitioner testified at the post conviction hearing that he felt as he received too much time for his first felony conviction. He conveniently forgets that he was convicted of multiple felonies pertaining to the possession and sale of cocaine and marijuana, based on multiple transactions with a confidential informant over a period of time. Quite simply, the record refutes the petitioner's allegations, and no grounds for relief exist. We affirm the judgment of the post-conviction court.

Conclusion

Based on the foregoing and the record as a whole, we affirm the judgment of the post-conviction court.

_____
JOHN EVERETT WILLIAMS, JUDGE